VICTOR STEPHENS, ET AL., PLAINTIFFS, v. JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, A CORPORATION OF THE STATE OF MASSACHUSETTS, ET AL., DEFENDANTS.

Superior Court of New Jersey
Chancery Division

Decided March 30, 1951.

*Messrs. Rothbard, Harris & Oxford,* attorneys for plaintiffs.

*Messrs. McCarter, English & Studer,* attorneys for defendant John Hancock Mutual Life Insurance Company.

*Mr. Morton Stavis,* attorney for defendants UOPWA, James H. Durkin and Bernard J. Mooney.

GRIMSHAW, J. S. C. This is a motion by the plaintiffs to modify an order of this court, made on October 6, 1950. The provision of the order which the plaintiffs seek to modify is as follows:

"ORDERED, that pending the further order of the Court, the restraints heretofore issued in this action by order of this Court dated May 24, 1950, are hereby vacated as to all District Agents who have after March 1, 1950, executed authorization cards to the United Office and Professional Workers of America in the form annexed as Exhibit A to the defendant union's notice of motion dated September 15, 1950, * * *."

The modification of the quoted paragraph which plaintiffs seek, is one which would restrain payment to the defendant union of the dues of district agents who, subsequent to the

execution of a check-off authorization, and after March 1, 1950, notified the employer to discontinue the deduction of dues.

Simultaneously with the signing of the order just referred to, there was also signed a second order, which provided, among other things, as follows:

"ORDERED, that pending the future Order of the Court the restraints heretofore issued in this action by order of this Court dated May 24, 1950, are hereby vacated in their entirety and it is further

ORDERED, that pending the Further Order of the Court the defendant John Hancock Mutual Life Insurance Company pay over to the defendant United Office and Professional Workers of America an amount equal to all funds held or to be held by it as a result of deductions made or to be made under the Collective Bargaining Agreement dated July 1st, 1949, except for such deductions made respect to any District Agent who has heretofore given the notice to the defendant Company hereinafter described, with respect to the period after he had given such notice to the company; such notice being a notice to the company of his objection to the payment over to the defendant union of amounts checked off with respect to him, * * *."

Upon appeal both orders were affirmed by the Appellate Division. An appeal to the Supreme Court from the affirmance of the second order has been taken by the plaintiffs. There has been no appeal taken from the affirmance of the first order.

In support of their application for a modification the plaintiffs have presented an affidavit in which it is set forth that certain district agents who executed check-off cards after March 1, 1950, have notified the insurance company of their desire to revoke those cards and have the company discontinue the deduction of any dues from their pay.

I am of the opinion that the modification of the order of October 6, 1950, as requested by the plaintiffs, may not be granted. Such a modification of the first order would, in effect, be a modification of the companion order now on appeal to the Supreme Court, over which, as I conceive it, I have no control, pending the disposition of the appeal.

In the second place, the Appellate Division and the Supreme Court have both determined that this is not a class

action and that the plaintiffs represent no one other than themselves. The persons whose rights are sought to be affected by this application are not parties to this proceeding and, until they are properly made parties, their rights may not be made the subject of adjudication, either interlocutory or final.

And, finally, not only did the Supreme Court in the case of *Zaleski v. Local* 401, *United Elec., etc., Workers of America,* 6 *N. J.* 109 (1951), determine that there was not such a showing of irreparable injury as to support the interlocutory injunction but it also pointed out that the persons concerned could obtain the relief sought by resigning from the defendant union and terminating the obligation on the part of the company to continue the deductions for union dues from their pay.

The motion to modify the order of October 6, 1950, will, for the reasons above stated, be denied.